```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
RAYMOND DRUMGOOLE,
                                                              TRANSFER ORDER
                    Petitioner,                               22-CV-1020(KAM)

        -against-

UNITED STATES OF AMERICA, et al,

                    Respondents.
------------------------------------------------------------x
```

**MATSUMOTO,** United States District Judge.

On February 22, 2022, Petitioner Raymond Drumgoole ("Petitioner"), who, at the time, was incarcerated at the Metropolitan Detention Center ("MDC") in Brooklyn, New York, filed this *pro se* petition for a writ of habeas corpus. Petitioner challenges, on various constitutional grounds, actions taken in his criminal case, *see United States v. Drumgoole*, No. 20-CR-442(DKC), which is pending in the United States District Court for the District of Maryland, as well as the legality of his confinement for that case and the conditions of his confinement. Petitioner seeks, *inter alia*, his immediate release from confinement. Pending before the Court is Petitioner's motion for leave to proceed *in forma pauperis*. (ECF No. 3.)

"A petitioner seeking to challenge the legality of the imposition of a sentence by a court may . . . make a claim pursuant to [28 U.S.C.] 2255." *Chambers v. United States*, 106 F.3d 472, 474 (2d Cir. 1997) (internal quotation marks and citations omitted). A "challenge to the execution of a sentence, however, is properly filed pursuant to [28 U.S.C.] 2241." *Id.* (internal quotation marks and citations omitted.

Under § 2241, the proper respondent to a habeas petition is "the person who has custody over the petitioner," or the person "with the ability to produce the prisoner's body before the habeas court." *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004) (internal quotation marks omitted.) The "default rule" is that "the proper respondent is the warden of the facility where the prisoner is being held." *Id.* at 435. Venue for a § 2241 habeas petition therefore is proper only in the district in which the petitioner is confined. *See id.* at 446-47 ("[T]he plain language of the habeas statute thus confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement."). Conversely, a motion under § 2255 must be brought in the sentencing court. *See Boumediene v. Bush*, 553 U.S. 723, 775 (2008); § 2255(a).

In December 2020, Petitioner was charged with one count of possession with intent to distribute controlled substances in the

United States District Court for the District of Maryland.[1] (20-CR-442, ECF No. 13.) In July 2021, the Maryland district court granted a motion for a competency evaluation. (20-CR-442, ECF No. 67.) Petitioner was transferred to custody at MDC while undergoing his evaluation in New York, and returned to Maryland in March 2022. (20-CR-442, ECF Nos. 87, 93.) He pleaded guilty in December 2022 and currently is awaiting sentencing while in custody in Maryland. (20-CR-442, ECF Nos. 125, 127.)

When Petitioner filed his petition before this Court in February 2022, he named as respondents (1) the United States; (2) former Assistant United States Attorney for the District of Maryland Michael A. Goldsticker; (3) the Federal Bureau of Prisons; and (4) an unnamed "Warden of Institution MDC." (ECF No. 1.) At the time, Petitioner was housed at MDC while awaiting his competency evaluation. Now, however, Petitioner has returned to federal custody in Maryland, and has been in custody there since March 2022. Although Petitioner frames his filing as a habeas petition, it is not clear whether he intended to bring his claim under § 2241 or § 2255. (*See* ECF No. 1.)

Regardless of whether Petitioner's petition arises under § 2241 or § 2255, however, the proper venue for his claim is the

---

[1] The Court takes judicial notice of the docket sheet in Petitioner's criminal case, 22-cr-442. See *Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) ("[D]ocket sheets are public records of which the court could take judicial notice.").

United States District Court for the District of Maryland, as he is currently confined in the district and he will be sentenced by the Maryland district court. When a case has been filed in an improper venue, it generally "lies within the sound discretion of the district court" to decide "[w]hether dismissal or transfer is appropriate." *Minnette v. Time Warner*, 997 F.2d 1023, 1026 (2d Cir. 1993); *see* 28 U.S.C. § 1406. Given Petitioner's *pro se* status, and the nature of his claims, the Court determines that it is in the "interest of justice" to transfer this habeas petition. 28 U.S.C. § 1406(a); *Minnette*, 997 F.3d at 1026.

Accordingly, the Clerk of Court is hereby directed to transfer this petition to the United States District Court for the District of Maryland. Petitioner's motion to proceed *in forma pauperis* is moot. The provision of Rule 83.1 of the Local Rules of the Eastern District of New York requiring a seven-day delay is waived. The Clerk of Court is respectfully directed to serve a copy of this Memorandum and Order and the transfer order on *pro se* Plaintiff and note service on the docket.

SO ORDERED.
February 6, 2023
Brooklyn, New York

Hon. Kiyo A. Matsumoto
United States District Judge